(Reap. Dec. 9291)

ROHNER GEHRIG & CO., INC. v. UNITED STATES

Entry Nos. 902401; 718347; 715208.

(Decided January 14, 1959)

*Isidore Tucker* for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Daniel I. Auster*, trial attorney), for the defendant.

LAWRENCE, Judge: The three appeals for a reappraisement enumerated in the schedule attached to this decision were consolidated for hearing and determination.

Certain electrical grinding machines were entered at their invoiced value which plaintiff contends is their proper value for appraisement purposes on the basis of foreign value, as defined in section 402(c) of the Tariff Act of 1930 (19 U.S.C. § 1402(c)), as amended by the Customs Administrative Act of 1938, rather than the United States value which formed the basis of appraisement by the appraiser pursuant to section 402(e) of said act (19 U.S.C. § 1402(e)).

There was received in evidence as plaintiff's exhibit 1 an affidavit signed by E. J. Mayer, the actual importer of the merchandise in issue, which sets forth his contractual relationship with the Swiss manufacturer of the imported machines.

Plaintiff also offered in evidence a document entitled "Answers to the Questionnaire of the Treasury Dept., Bureau of Customs," signed by Bernhard Keller, the admissibility of which was left open until the time of decision. For whatever evidentiary value it may possess and in order that the record may be complete, said document is received in evidence as plaintiff's exhibit 2.

In order for plaintiff to succeed in these proceedings, it was incumbent upon it to produce evidence to show that the foreign value of the electrical grinding machines was the market value or the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale for home consumption to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

The evidence before the court, consisting of the two exhibits above referred to, falls far short of the burden of proof necessary to substantiate plaintiff's contention.

On the record, the court finds and holds that the plaintiff has failed to make out a *prima facie* case with the result that the value found by the appraiser stands as the correct value of the merchandise in issue.

Judgment will issue accordingly.